IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL SHIFFLETT** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 16-6537** |
| **v.** | : | |
| | : | |
| **JOSEPH KORSZNIAK**, *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                              NOVEMBER 17, 2022

## MEMORANDUM OPINION

**INTRODUCTION**

  In this civil rights action, Plaintiff Paul Shifflett ("Plaintiff"), formerly incarcerated at SCI-Graterford, asserts that Defendant Dr. Ronald Burkholder ("Dr. Burkholder") is liable to him under 42 U.S.C. § 1983 because Dr. Burkholder exhibited deliberate indifference to Plaintiff's serious medical needs by failing to (a) prescribe him adequate pain medication following his jaw surgery and (b) ensure that he was provided his medications at the frequency prescribed. Presently, before this Court is Dr. Burkholder's motion filed pursuant to Federal Rule of Civil Procedure ("Rule") 56, which seeks summary judgment on Plaintiff's civil rights claims on the grounds that Plaintiff has failed to present evidence sufficient to meet his summary-judgment burden with respect to his claim of deliberate indifference. [ECF 108–110]. Plaintiff opposes the motion. [ECF 115]. The issues presented in the motion have been briefed by the parties and are ripe for disposition. For the reasons stated herein, Dr. Burkholder's motion for summary judgment is granted.

**BACKGROUND**

  When ruling on a motion for summary judgment, a court must consider all record evidence and supported relevant facts in the light most favorable to the non-movant—here, Plaintiff. *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).  The facts relevant to Dr. Burkholder's motion are summarized as follows:[1]

 At all times relevant to Plaintiff's claims, Plaintiff was a prisoner at SCI-Graterford.  On April 6, 2016, Plaintiff suffered a fractured jaw which he initially claimed was the result of a fall, but later disclosed was caused from having been assaulted by several other inmates at SCI-Graterford.  On April 7, 2016, Plaintiff was taken to Temple University Hospital for surgery.  From April 7, 2016, to June 21, 2016, Plaintiff was provided medical care from several physicians.  During this period, Plaintiff was housed in the restricted housing unit ("RHU") at SCI-Graterford.  The purported purpose of Plaintiff's move to the RHU was for administrative segregation to protect him from the inmates who assaulted him.

 After he returned to prison following his surgery, Plaintiff was provided various pain medications while at SCI-Graterford.  As described more fully below, Plaintiff contends that though he was always provided some amount of pain medication, it was not given to him at the frequency prescribed.

 On May 4, 2016, Plaintiff submitted a written grievance in which he raised the issues of his pain management, pain medication, and the number of times he received his medication while in the RHU.  In the grievance, Plaintiff acknowledged he was provided pain medication, but indicated that although the prescription specified he should be administered the medication three times a day, he only received it twice a day while in the RHU.

 On May 26, 2016, Plaintiff was seen by Dr. Burkholder, a Department of Corrections dentist.  Dr. Burkholder examined Plaintiff and the x-rays taken that day.  Dr. Burkholder noted that Plaintiff had already been seen by the offsite oral surgeon and had future appointments scheduled with the offsite oral surgeon.  Dr. Burkholder declined to change Plaintiff's pain medication but recommended that Plaintiff see him in ten days at a dental sick call.

 On June 21, 2016, Plaintiff was transferred to SCI-Mahanoy.  Plaintiff conceded that he received some kind of pain medication every day from the date of his surgery (April 8, 2016) until his transfer to SCI-Mahanoy (June 21, 2016).  He also conceded that prison nurses, and not Dr. Burkholder, were responsible for distributing his medications.

---

[1] These facts are taken from the parties' briefs, exhibits, and statements of facts, where either admitted or supported by citation to record evidence.  To the extent that any facts are disputed, such disputes will be noted and, if material, construed in Plaintiff's favor pursuant to Rule 56.

**LEGAL STANDARD**

Rule 56 governs summary judgment motion practice. Fed. R. Civ. P. 56. Specifically, Rule 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When evaluating a motion under Rule 56, the court must view the evidence in the light most favorable to the nonmoving party. *Galena*, 638 F.3d at 196.

Pursuant to Rule 56, the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322. After the movant has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the movant's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A)–(B). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not rely on "bare assertions, conclusory allegations or suspicions," *Fireman's Ins. Co.*

*of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), or rest on the allegations in the pleadings, *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and, either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*

**DISCUSSION**

As noted, Plaintiff's civil rights claims against Dr. Burkholder are premised on Dr. Burkholder's alleged deliberate indifference to his serious medical needs by (1) failing to provide adequate pain medication stronger than that which he was receiving and (2) failing to ensure that he received his prescriptions at the frequency prescribed. In his motion, Dr. Burkholder argues that Plaintiff has failed to present evidence sufficient to meet his summary judgment burden with respect to the requisite showing of deliberate indifference. For the reasons set forth below, this Court agrees with Dr. Burkholder.

To maintain a cause of action under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also* 42 U.S.C. § 1983. The Eighth Amendment, the constitutional basis underlying Plaintiff's claims, prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Consistent with the Eighth Amendment, prison officials must provide basic medical treatment to prisoners. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In *Estelle*, the United States Supreme Court articulated the standard courts must apply to a prisoner's § 1983 claim premised on inadequate medical care, *to wit*:

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend

4

>"evolving standards of decency" in violation of the Eighth Amendment.

*Estelle*, 429 U.S. at 106 (citation omitted).  Thus, the question "under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *See Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

Deliberate indifference requires the defendant to have been subjectively aware of the risk of harm to the inmate and to have consciously disregarded that risk.  *Atkinson v. Taylor*, 316 F.3d 257, 262 (3d Cir. 2003) (citing *Farmer*, 511 U.S. at 837).  As such, a prison official can only be held liable under the Eighth Amendment where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Further, a prison official's "failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.  In addition, a plaintiff must show that each defendant was personally involved in depriving the plaintiff of his rights. *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2005).

It is a "well-established rule that mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *see also Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (holding that "mere disagreement as to the proper medical treatment" is insufficient to establish an Eighth Amendment violation).  Prison medical authorities are "afford[ed] considerable latitude" in the diagnosis and treatment of the medical problems of inmate patients. *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).  "Where a prisoner has received some medical attention and the dispute is over the adequacy

of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (citation omitted). Claims of mere negligence or medical malpractice do not constitute deliberate indifference. *See Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001) (citation omitted).

To support his deliberate indifference claim against Dr. Burkholder, Plaintiff baldly asserts—without any citation to record evidence—that Dr. Burkholder neglected to review Plaintiff's medication records that showed "Plaintiff was not receiving either the prescribed pain medication or the medicine to prevent infection." (Pl.'s Resp. in Opp., ECF 115, at p. 5).[2] As the undisputed medical notes demonstrate, however, Plaintiff received consistent medical attention and treatment from various medical personnel at SCI-Graterford (including Dr. Burkholder), comprising, *inter alia*, pain management from the moment he first sought medical attention following the injury to his jaw until his transfer out of SCI-Graterford. This evidentiary record does not support any claim of deliberate indifference by Dr. Burkholder.

Notwithstanding this record of regular and consistent medical attention, Plaintiff argues that he was not given the type of pain medication that he contends he should have received. Notably, Plaintiff does not proffer any evidence by way of an expert or treating physician to support his own, non-professional opinion that he should have been prescribed stronger pain

---

[2] It is well-established that a plaintiff must support each factual assertion or dispute with either a citation to the record or by showing that the materials cited do not establish the absence or the presence of a disputed fact. Fed. R. Civ. P. 56(c)(1). Here, Plaintiff provides no record citation to support his contention that he was not receiving his prescriptions as prescribed; he merely refers the Court to his medical records. As frequently noted by courts when addressing motions for summary judgment, including the United States Court of Appeals for the Third Circuit, "judges are not like pigs, hunting for truffles buried in the record." *DeShields v. Int'l Resort Props. Ltd.*, 463 F. App'x 117, 120 (3d Cir. 2012) (citations omitted); *Liberty Res., Inc. v. City of Phila.*, 2021 WL 4989700, at *2 (E.D. Pa. Oct. 27, 2021). If factual support for Plaintiff's contention exists in the record, it is "incumbent upon [him] to direct the District Court's attention to those facts." *DeShields*, 463 F. App'x at 120.

medication. Indeed, Plaintiff concedes that no provider has ever recommended or prescribed any stronger medication or medications at higher doses than those prescribed by the physicians who treated him while at SCI-Graterford. At best, Plaintiff has demonstrated *only* his own disagreement with the professional judgment of his medical providers with respect to the appropriate treatment and course of his pain management. Further, "it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) (citing *Youngberg v. Romeo*, 457 U.S. 307, 322–23 (1982)). It is equally well-settled that a plaintiff's mere disagreement with a medical provider's course of treatment is insufficient to establish a constitutional violation. *White*, 897 F.2d at 110. Under this governing law, Plaintiff has not met his burden with respect to his claims of deliberate indifference by Dr. Burkholder.

Despite the clear record of regular and consistent medical care, Plaintiff further argues that Dr. Burkholder exhibited deliberate indifference to his serious medical needs by failing to ensure that he was given his prescriptions at the frequencies prescribed. Specifically, Plaintiff contends that he often only received his prescription for Ibuprofen twice a day, rather than three times a day as prescribed. Notably, Plaintiff fails to identify the evidence that purportedly supports his contention that he only received his Ibuprofen twice a day. Plaintiff merely references his "Medication Administration Records" without providing record cites to support his factual contention.[3] Regardless, accepting Plaintiff's contention as true, he similarly provides no evidence showing that Dr. Burkholder, who examined Plaintiff on *only* one occasion, was responsible for delivering Plaintiff's medications to him or was aware or made aware that he was not receiving the prescribed medications at the frequencies prescribed. To the contrary, Plaintiff concedes that

---

3   *See supra* note 2.

the DOC-employed nurses were responsible for delivering the medications to Plaintiff, not Dr. Burkholder. As noted, it is well-settled that a prison official can only be held liable under the Eighth Amendment where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Further, a prison official's "failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Because Plaintiff has not provided any evidence from which one could reasonably infer that Dr. Burkholder was aware that the prescription orders of other treating physicians were not being followed by the prison nursing staff as alleged, Plaintiff has not satisfied the requisite subjective component of the deliberate indifference standard. Accordingly, Dr. Burkholder's motion for summary judgment is granted.

**CONCLUSION**

For the foregoing reasons, Dr. Burkholder's motion for summary judgment is granted. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.